IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| DOMINGO ANDINO MARRERO ESTATE, **Plaintiff**, v. WILMINGTON SAVINGS FUND SOCIETY, FSB. **Defendant**, | **CIVIL NO. 24-1545** (RAM) |

## MEMORANDUM AND ORDER DENYING TEMPORARY RESTRAINING ORDER

This matter comes before the Court on the Domingo Andino-Marrero Estate's ("Plaintiff" or the "Estate") November 23, 2024, *Complaint for Injunctive Relief, Emergency Motion for Ex-Party Temporary Restraining Order* (the "*Motion*"). (Docket No. 3). In essence, Plaintiff claims that Wilmington Savings Fund, Society, FSB ("Wilmington" or "Defendant") fraudulently obtained a judgment of foreclosure against Plaintiff's home in a parallel Puerto Rico court proceeding. Id. In addition to various forms of relief, Plaintiff seeks a temporary restraining order ("TRO") baring Defendant from proceeding with the allegedly non-judicial foreclosure sale scheduled for December 2, 2024, until related proceedings are finalized in Puerto Rico Superior court. Id. ¶ 91.

Plaintiff contends that it will suffer irreparable harm in the absence of a TRO because Defendant will be able to foreclose

and evict on Plaintiff's home without allowing a full determination on the merits of Plaintiff's claim. Plaintiff asserts that on the contrary, Defendants would not lose anything upon the issuance of the requested TRO.

For the reasons set forth below, the Court denies the request for a Temporary Restraining Order and orders that Plaintiff be appointed pro bono counsel.

## I.   DISCUSSION

When evaluating a request for a temporary restraining order, courts must consider the same four factors that apply to a motion for preliminary injunction, namely: (1) the likelihood of success on the merits; (2) the potential for irreparable harm if the request is denied; (3) the balance of hardships; and (4) whether the TRO is in the public interest. *See* Charlesbank Equity Fund II v. Blinds To Go, Inc., 370 F.3d 151, 161-162 (1st Cir. 2004) ("We hold that the traditional four-part preliminary injunction standard applies in full flower to motions brought under Rule 65 in hopes of securing prejudgment freeze orders.").

Furthermore, courts may issue a temporary restraining order only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). It has long been established that under federal law, ex parte temporary restraining orders "should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty., 415 U.S. 423, 439 (1974). Therefore, "[t]emporary restraining orders 'must be used sparingly and only in cases where the need for extraordinary equitable relief is clear and plain.'" Ginzburg v. Martinez-Davila, 368 F. Supp. 3d 343, 347 (D.P.R. 2019) (quoting Northwest Bypass Grp. v. United States Army Corps. of Eng'rs, 453 F.Supp.2d 333, 338 (D.N.H. 2006)).

As a threshold matter, the Court notes that, both in the *Complaint* and in the *Motion,* Plaintiff has failed to adequately plead *any* grounds for federal jurisdiction, be it diversity or federal question jurisdiction. *See* 28 U.S.C §§ 1331-1332. With regards to the merits of the TRO request, Plaintiff has not addressed all four of the relevant factors.

Plaintiff has undoubtedly established the existence of irreparable harm, with which the Court sympathizes. Plaintiff similarly raised the balance of hardships vis-à-vis Defendant, albeit in passing. However, Plaintiff did not discuss the public

interest and crucially failed to address its likelihood of success on the merits. *See* Philip Morris, Inc. v. Harshbarger, 159 F.3d 670, 674 (1st Cir. 1998) ("Likelihood of success is the touchstone of the preliminary injunction inquiry."). **Therefore, the requested temporary restraining order is improper** and Plaintiff's request against Defendant at Docket No. 3 is **DENIED.**

## II. SCHEDULING ORDER

Plaintiff shall be appointed pro bono counsel, who will file a status report on or before December 11, 2024. Pro bono counsel shall also serve process on Defendant on or before December 11, 2024. Lastly, pro bono counsel is granted until December 18, 2024 to amend the *Complaint*'s jurisdictional allegations to specify the basis for federal jurisdiction or otherwise show cause as to why this case should not be dismissed for lack of federal jurisdiction.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico this 27th day of November 2024.

s/Raúl M. Arias-Marxuach
UNITED STATES DISTRICT JUDGE